IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICK BOHLMAN,                                          3:11-CV-00581-BR

       Plaintiff,                                   OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.


MERRILL SCHNEIDER
320 Central Ave., Suite 422
Coos Bay, OR 97420
(503) 266-0436

       Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1  - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**BRETT E. ECKELBERG**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3748

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Rick Bohlman seeks judicial review of the
Commissioner of Social Security's final decision denying his
March 15, 2007, application for Disability Insurance Benefits
(DIB) pursuant to Title II of the Social Security Act, 42 U.S.C.
§§ 401-33, and denying his April 23, 2009, application for
Supplemental Security Income (SSI) pursuant to Title XVI of the
Social Security Act, 42 U.S.C. §§ 1381-83f, to the extent that
Plaintiff asserts he became disabled before April 23, 2009.  The
Commissioner found Plaintiff was entitled to SSI beginning on
April 23, 2009.

      This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision
of the Commissioner and **REMANDS** this matter pursuant to Section
four of 42 U.S.C. § 405(g) for further administrative proceedings
consistent with this Opinion and Order.


2  - OPINION AND ORDER

## <u>ADMINISTRATIVE HISTORY</u>

Plaintiff initially applied for DIB on November 12, 2003, alleging he had been disabled since July 2, 1999, because of rheumatoid arthritis, hepatitis C, and depression.  Tr. 186-87. Plaintiff's application was denied on February 18, 2004.  Tr. 85-89.

Plaintiff reapplied for DIB on March 15, 2007, realleging he had been disabled since July 2, 1999, because of rheumatoid arthritis; hepatitis C; depression; and, in addition, fatigue. Tr. 114-123.  Plaintiff met insured status requirements under the Social Security Act through December 31, 2005.  Tr. 21. His application was denied initially and on reconsideration. Tr. 61-62, 64-68, and 71-73.  On October 24, 2007, Plaintiff requested a hearing.  Tr. 74-75.

On April 23, 2009, Plaintiff also applied for SSI.  Tr. 138-40.  His application was raised to the hearing level.  Tr. 18.

On May 12, 2009, the ALJ held a hearing regarding Plaintiff's DIB and SSI applications at which Plaintiff and a vocational expert (VE) testified.  Tr. 30-60.

On November 20, 2009, the ALJ issued a decision finding Plaintiff was not disabled for purposes of DIB as of December 31, 2005, the date he was last insured for those purposes  The ALJ also found Plaintiff was disabled for purposes of SSI as of April 23, 2009, the date he filed his SSI application, but he was

not disabled for purposes of SSI between the dates of December 31, 2005, the date he was last insured for purposes of DIB, and April 22, 2009.

On November 29, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's denial of DIB as of December 31, 2005, and denial of SSI between January 1, 2006, and April 22, 2009.  Thus, the ALJ's final decision became the final decision of the Commissioner on November 29, 2009.  Tr. 13-15.

On May 12, 2011, Plaintiff filed a Complaint seeking this Court's review of the Commissioner's final decision denying Plaintiff's claim for DIB through December 31, 2005, and denying Plaintiff's claim for SSI from January 1, 2006, through April 22, 2009.

The ultimate issue is whether the ALJ erred in finding Plaintiff was not disabled as of December 31, 2005, the date he was last insured for purposes of DIB, and from January 1, 2006, through April 22, 2009, for purposes of SSI.


## BACKGROUND

On May 12, 2009, the date of the hearing before the ALJ, Plaintiff was 50 years old.  Tr. 37.  Plaintiff's alleged disabling impairments are rheumatoid arthritis, hepatitis C, depression, and fatigue.  Tr. 37-38, 186.

At the hearing on May 12, 2009, Plaintiff testified as follows:

Plaintiff has a GED and two years of college.  Tr. 37.  From 1983 until 1985, he worked in a mail room.  *Id.*  From 1994 until 1999 when he was laid off, Plaintiff worked as an "inter-office delivery person."  His tasks included loading and transporting computers and delivering mail bags ranging in weight from 50-70 lbs.  Tr. 38-39, 53-54.

In 1999 Plaintiff began suffering from arthritis in his hands, left elbow, shoulders, legs, and back.  Among other things, this condition makes it difficult for him to pick up and to hold onto things.  Tr. 43.

Since 2005 Plaintiff's back pain has worsened, causing him to have to lay down for hours at a time.  Tr. 41.  He has been prescribed oxycodone, Ritalin, and Cymbalta, and he takes Advil and anti-inflammatory medication daily to ease his back pain. Tr. 42.

Plaintiff has Hepatitis C, which causes sharp pain in his liver and fatigue.  Tr. 44.  Plaintiff also has constant numbness in his toes and periodic numbness in his fingers.  Tr. 46.  In addition, Plaintiff suffers from pain in his shoulders, fingers, back, and knees from rheumatoid arthritis.  Tr. 56.  Plaintiff also has Attention Deficit Disorder and a poor memory.  He is easily sidetracked.  Tr. 51.

5  - OPINION AND ORDER

Since 2005 Plaintiff has been able to stand for only "a couple of minutes," walk "a couple of blocks", and sit for "maybe half an hour" at one time and "for two hours total in the day" before having to get up. Tr. 47-48. Plaintiff is able to lift 20-30 lbs. for a third of the working day. He has difficulty pushing and pulling with his arms and legs and has pain when reaching forward or overhead. Tr. 49.

In November 2007 Plaintiff's spleen and two-thirds of his pancreas were surgically removed after he was injured in a bicycle accident. Tr. 58.

Plaintiff has a driver's license, but he does not drive. Tr. 50, 54. He is unable to do housekeeping chores such as cleaning, washing dishes, and laundry. *Id.* Plaintiff's only significant daily activity is watching television. Tr. 55. His children cook for him. Tr. 55.

In addition to his hearing testimony, Plaintiff reported to examining physician John Ellison, M.D., in June 2009, that he suffered burns over 85% of his body in a gasoline explosion in 1974 when he was 16 years old. Tr. 514.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must

demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational

interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920; 20 C.F.R. § 404.1521.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1521.

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(ii); 20 C.F.R. § 404.1521(a)(4(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

8  - OPINION AND ORDER

Listed Impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. The criteria for Listed Impairments are enumerated in 20 C.F.R. part 404, subpart P, appendix 1. *See also* 20 C.F.R. § 416.920(d); 20 C.F.R. § 404.1520(d).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e); 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

9 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv); 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v); 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1); 20 C.F.R. § 404.1520(g)(1).

## THE ALJ'S FINDINGS

In Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 18, 2008. Tr. 16.

In Step Two, the ALJ found beginning April 23, 2009, Plaintiff has had severe impairments of Hepatitis C, alcohol abuse in remission, depression, and liver disease. Tr. 23.

In Step Three, the ALJ found Plaintiff has the RFC to

10 - OPINION AND ORDER

perform sedentary work in which he is limited to occasional reaching, handling, fingering, and feeling with no climbing, balancing, stooping, kneeling, crouching, and crawling. He is moderately limited in his ability to understand, to remember, and to carry out complex instructions; markedly limited in his ability to interact with the public; and moderately limited in his ability to interact with supervisors and co-workers. He would have difficulty carrying out a normal work day or work week on a full-time basis.

In Step Four, the ALJ found Plaintiff is unable to perform his past relevant work as an "inter-office delivery person."

Based on these findings, the ALJ found Plaintiff is unable to perform any past relevant work, and there are no jobs that exist in significant numbers in the national economy that Plaintiff is able to perform. The ALJ, therefore, concluded Plaintiff is disabled as of April 23, 2009 for purposes of an award of SSI. Tr. 23-24. The ALJ, however, found Plaintiff was not disabled prior to December 31, 2005, the date he was last insured for purposes of DIB, or from January 1, 2006, through April 22, 2009, for purposes of SSI.

Finally, the ALJ found Plaintiff's alcohol use was not a contributing material factor in the disability determination.

## DISCUSSION

Plaintiff contends the ALJ erred when he found Plaintiff was not disabled before December 31, 2005, the date he was last insured for purposes of DIB, and from January 1, 2006, until April 22, 2009, for purposes of SSI based on a lack of medical evidence.

## I.    Plaintiff's Credibility.

The ALJ found Plaintiff's testimony as to "the intensity, persistence, and limiting effects of his alleged symptoms on and prior to December 31, 2005" was not credible because of the lack of supporting medical evidence. Tr. 22. This finding was based on reports of consulting physicians and psychologists who had previously reviewed Plaintiff's medical records submitted in support of his earlier application for DIB and who opined there was insufficient medical evidence to support his claim. Tr. 22, 342-58. For example, Martin Kehrli, M.D., found "[t]here is not an adequate physical evaluation to adjudicate this claim from [July 1999 through December 2005]," Tr. 356; Linda L. Jensen, M.D., found "[t]here is insufficient evidence of a severe physical condition [from July 1999 through December 2005]"), Tr. 357; Peter LeBray, Ph.D., found "[no evidence] sufficient to assess alleged Depression or other psych conditions in relevant period," Tr. 342-54; and Robert Henry, Ph.D., found "[t]here is very little evidence of [Plaintiff's] mental condition [from July

1999 through December 2005]," Tr. 358.

Based on this lack of evidence, the ALJ found Plaintiff failed "[t]o establish any work-related functional limitations on and prior to [December 31, 2005], the date [Plaintiff was] last insured" for DIB and from January 1, 2006, through April 22, 2009, for SSI. Tr. 22.

**II. Standards.**

In *Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986), the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen,* 80 F.3d at 1284. If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester,* 81 F.3d at 834)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must specifically identify what testimony is not credible and what evidence undermines the

claimant's complaints.  *Parra,* 481 F.3d at 750 (quoting *Lester,* 81 F.3d at 834).

## III. Analysis.

The ALJ based his credibility determination on the lack of medical evidence to support Plaintiff's claimed limitations before December 31, 2005, for purposes of DIB and from January 1, 2006, to April 22, 2009, for purposes of SSI.  As noted, the ALJ relied on statements of consulting physicians and psychologists, all of whom opined there was "insufficient evidence" to assess Plaintiffs' functional limitations arising from claimed "psychological and physical impairments" before January 2006.

Thus, when addressing Plaintiff's credibility the ALJ found the medical evidence did not "establish any work-related functional limitations on or prior to [Plaintiff's] last date insured [December 31, 2005]."  Tr. 22.  Accordingly, at Step Two, the ALJ found Plaintiff did not have any severe impairments before January 1, 2006.

An impairment or combination of impairments is not severe if the evidence only establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)(internal quotation marks and citations omitted).  Step Two, however, "is a *de minimis* screening device [used] to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically

14 - OPINION AND ORDER

severe impairment or combination of impairments only when his conclusion is clearly established by medical evidence." *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005)(quoting *Smolen,* 80 F.3d at 1290, and SSR 85-28).

A review of the relevant medical evidence between 1999 and 2005 reveals the following:

In June 1999 an MRI showed "chronic degenerative disc disease . . . at L5-S1 with further narrowing of the disc space since 1994." Tr. 297. Plaintiff was able to walk on his heels and toes but in a somewhat stooped position." *Id.*

In August 1999 S. Jon Mason, M.D., one of Plaintiff's treating physicians, noted Plaintiff was clearly depressed. He strongly advised Plaintiff to avoid using alcohol, which was a major factor in his liver-function test abnormalities. Tr. 218.

In April 2000 unidentified medical records reflect Plaintiff was complaining of polyarthralgias, pain, and stiffness, but there also was objective evidence of arthritis or myositis (muscle inflammation).

In January 2004 Dr. Mason noted Plaintiff had "fairly significant arthritis [and] problems with fatigue" and "significant problems with depression." Plaintiff, however, "refused all antidepressants" because of their side effects. Tr. 221. Plaintiff had also been drinking "until recently" and was advised of the importance to avoid alcohol." Tr. 222.

15 - OPINION AND ORDER

In April 2004 Plaintiff was examined by Kim Webster, M.D., on behalf of the Commissioner. Dr. Webster reported Plaintiff had arthralgias with no evidence of inflammatory arthritis, Hepatitis C by history, depression with a "very flat effect," and "side effects from medication." Tr. 376.

Although the Court agrees with the ALJ that the medical evidence is sparse, the records that do exist are consistent with a finding that from 1999 through 2005 Plaintiff had severe impairments associated with polyarthralgias, arthritic pain at L5-S1, and depression.

As to the extent of Plaintiff's depression before December 31, 2005, the Court notes in June 2009 Dr. Karen Bates-Smith reviewed available medical records dating back to 1999 in connection with her neuropsychological examination of Plaintiff and opined Plaintiff suffers from a "Major Depressive Disorder, severe, chronic." Tr. 538. Dr. Bates-Smith also noted a "long history of major depression." *Id.*

On this record the Court concludes the ALJ erred when he found the medical evidence in the record was inadequate to support Plaintiff's testimony that he had severe physical and psychological impairments before December 31, 2005. The ALJ, therefore, also erred when he relied on that finding as a basis for not crediting Plaintiff's testimony regarding the severity of his physical impairments and psychological impairments

before January 1, 2006, for purposes of his DIB claim and from
January 1, 2006 to April 22, 2009, for purposes of his SSI claim.

### REMAND

Having found these errors, the Court must determine whether
this matter must be remanded to the Commissioner for further
proceedings or for calculation and payment of benefits.

The decision whether to remand for further proceedings or
for the immediate payment of benefits generally turns on the
likely utility of further proceedings. *Id.* at 1179. The court
may "direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172,
1178 (9th Cir. 2000). The court should grant an immediate award
of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id*. The second and third prongs of the test often merge into a
single question: Whether the ALJ would have to award benefits if

17 - OPINION AND ORDER

the case were remanded for further proceedings. *Id.* at 1178 n.2.

In this matter, the Court concludes no useful purpose would be served by a remand for further proceedings because all of the relevant, contemporaneous medical evidence from treating, examining, and consulting physicians has been compiled in the Administrative Record.

Based on the existing medical evidence and the record as a whole, the Court concludes the Commissioner's final decision that Plaintiff was not disabled for purposes of DIB since December 31, 2005, is not supported by substantial evidence in the record nor, in addition, for purposes of SSI from January 1, 2006, through April 22, 2009.

After crediting Plaintiff's testimony as true, the Court finds Plaintiff has established he has been disabled for purposes of DIB as of December 31, 2005, and for purposes of SSI from January 1, 2006, through April 22, 2009.  The Court, therefore, remands this matter to the Commissioner for the calculation and payment of benefits.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

     IT IS SO ORDERED.

     DATED this 29th day of May, 2012.


                             /s/ Anna J. Brown

                             _____

                             ANNA J. BROWN
                             United States District Judge